IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY KENNER,<br><br>    Plaintiff,<br><br>v.<br><br>GARY HETZEL, *et al.*,<br><br>    Defendants. | Case No. 2:12-cv-938-MEF-TFM<br>(WO—Do Not Publish) |

## ORDER

This cause comes before the Court on Bradley Kenner's Complaint. (Doc. #1.) Kenner is a pro se prisoner housed in the Easterling Correctional Facility ("Easterling") located in Clio, Alabama, who is requesting a temporary restraining order to remedy a number of alleged wrongs committed by various Easterling employees. Because Kenner brings suit as a pro se litigant, the Court must construe his complaint liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Kenner first claims that Defendants have violated his Eighth Amendment right to be free of cruel and unusual punishment by (1) prohibiting him from attending religious services; (2) failing to properly test and clean the drinking water provided to him, which he alleges is contaminated; (3) forcing him to walk in the rain to and from meals and "pill calls"; (4) failing to properly sanitize the coolers used to provide the inmates with drinks at meals; (5) failing to provide enough showers for the inmates; and (6) jeopardizing his safety

1

by failing to hire enough employees to adequately staff Easterling. (Doc. #1, at 4–7.) Kenner further claims that Defendants have violated his Fourteenth Amendment right to equal protection under laws by prohibiting him from smoking cigarettes as part of Easterling's prison-wide non-smoking policy, thus treating him differently from similarly situated inmates at other federal prisons without non-smoking policies. (Doc. #1, at 7–8.) Finally, Kenner alleges generally that Easterling employees have violated his First Amendment right to peaceful assembly, have suppressed information about various injustices at Easterling, and have deprived the inmates of access to legal materials. (Doc. #1, at 8.)

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires a plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic

---

[1] Rule 65 also has a procedural component. But since Kenner cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

A temporary restraining order is a "drastic remedy" because a court issues it without giving notice to the opposing party. In other words, denying a party the chance to be heard requires the moving party to make a persuasive showing of necessity. With this in mind, Kenner's request for a temporary restraining order fails for two reasons. First, he does not include specific allegations about what injury he will suffer if the Court denies him temporary relief. As a result, he cannot show that he will suffer irreparable injury unless an injunction issues. Second, and along these same lines, his complaint gives no indication that he will suffer some sort of imminent harm absent a temporary restraining order. This too undercuts his request: by failing to show he is about to suffer imminent harm, he has failed to give the Court a persuasive reason for dispensing with the notice usually given to adverse parties.

For these reasons, the Court finds that Kenner's request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief. Accordingly, the motion for a temporary restraining order found in Kenner's Complaint (Doc. #1) is DENIED. It is further ORDERED that this case is hereby REFERRED to United States Magistrate Judge Terry F. Moorer for action or recommendation on all pretrial matters.

DONE this the 29th day of October, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE