IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRADLEY KENNER, #231 202, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:12-CV-938-MEF
) [WO]
GARY HETZEL, *et al*., )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Easterling Correctional Facility ["Easterling"] in Clio, Alabama, files this 42 U.S.C. § 1983 action against, among other defendants, a fellow inmate - Michael Johnson. Plaintiff brings this action challenging various conditions at Easterling which he contends violate his constitutional rights.[1] Upon review of the complaint, the court concludes that Defendant Johnson is due to be dismissed as a party to the complaint under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I. DISCUSSION

Plaintiff bring this § 1983 complaint against Defendant Johnson, an inmate law clerk,

[1] In accordance with the prior proceedings and orders of the court, this matter is proceeding on the amended complaint filed by Plaintiff on December 5, 2012. (*Doc. No. 10*.)

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

alleging that he provides legal advice to inmates with the approval of correctional officials despite the fact that he is not trained in the law. With regard to this particular claim, Plaintiff appears to request that he be provided with adequate access to the law library, persons trained in the law, and supplies. (*Doc. No. 10.*)

Michael Johnson, as an inmate in the custody of the Alabama Department of Corrections, is not a state actor. An essential element of a complaint filed pursuant to 42 U.S.C. § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50. Consequently, "state action requires ***both*** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' ***and*** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.*

Based on a review of the instant complaint, there is no indication that inmate Johnson is a state actor nor does the complaint allege that any actions taken by him can in any way be attributed to the State. The court, therefore, concludes that Plaintiff's complaint against Michael Johnson is frivolous and he is, therefore, subject to dismissal as a party to this action in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams* 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Michael Johnson be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendant Michael Johnson be DISMISSED as a party to the complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **February 13, 2013 t**he parties may file an objection to this Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of January 2013.

/s/Terry F.Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE